20-2001 from the Eastern District of Arkansas Matt Raeburn versus James Gibson Mr. Gillum, yes, sir Please proceed. Okay, may it please the court. My name is Lucian Gillum. I represent. Mr. Raeburn in a appeal of this summary judgment I'm going to spend most of my time dealing with whether or not there was arguable probable cause for the arrest Because the remaining claims would likely rise or fall on that issue There are You know four potential criminal charges at issue here disorderly conduct criminal trespass obstruction of government operations and Resisting arrest My Client Initially told that he was being told to leave and arrested for disorderly conduct And the issue there is that at that time there was no probable cause for that charge the chief of Chief McNew admitted at appendix pages 374 Page 17 Appendix 379 page 38 and appendix 380 page 44 That there was no probable cause for that charge and that my clients Constitutional rights were violated by any attempt to arrest him for disorderly In addition the court found that there was a mistake of law on that issue That's a dead addendum page 5 so I think that should dispose of That should dispose of That should dispose of That charge the next next issue would be counsel was was arguably probable cause discussed Uh Yes, arguable probable cause was discussed, you know, the the defendants position in that was that you know basically at summary judgment was that If there was probable cause for any one of the charges That it wouldn't matter that there was not probable cause for for the Remaining charges So basically if there was probable cause for any one charge that was brought there was It wouldn't matter that there was a mistake on the others and they you know of course raised the the point that because of qualified immunity that if there was a Reasonable mistake of law given the facts and circumstances nothing to be officer at that time that That you He wouldn't be subject to suit and so basically that the standard is arguable probable cause yes, sir And so the district court found there was arguable probable cause yes, sir What they said was that what the district court said was that there was arguable probable cause on obstruction of governmental operations Which was not a charge that was actually brought against my client But that under I'm about to say the name wrong. I think it's Davinsky or Davecky That if there was probable cause For a charge that was not brought but could have been brought that that would still suffice to to justify the arrest Which was not actually an issue that had been raised on the motion for summary judgment But But that was what the the District Court found was that there was arguable probable cause for for obstruction Of governmental operations, which was not a charge brought against my client And in else I'd like to look a little more closely at arguable probable cause for trespass There was a school official that said I want you to talk to mr. Rayburn, and if he doesn't calm down He's going to have to leave Why would that not create arguable probable cause for trespass when he did not call them, okay Several reasons for that judge is is that first of all The Chief himself found That Basically under Briggs v. State a Refusal to leave where there is no request by management officers to order a person to leave is not a lawful order that has to be obeyed There was no direct order to leave but there was the contingent order that well if he doesn't calm down then he will well I want to backtrack to the elements of criminal trespass. I think that may help Criminal trespass involves somebody who is purposely remaining unlawfully on-premises owned or leased by another person and It's a defense to the prosecution Under 539 203 C that the person is a guest or invitee. And of course, this is a public park Opened all for baseball games and whatnot. So he was an invitee and If you look at AMI 3904 the Arkansas jury instructions a person who remains on-premises Welcome to the public and does so with license and privilege Regardless of his purpose unless he defies a lawful order not to remain Personally communicated by the owner or some other person authorized by the owner now you have to have In order that purposefully you have to have a conscious object to engage in the conduct And so, you know, the first issue is that The officer did not identify that that he was Over there on behalf of management giving an order on behalf of management So my client could not have developed the intent necessary to disobey an order from management or a person authorized Because he didn't know it. Second thing is that even chief McNew And this is appendix pages 466 and 467 in the statement of undisputed facts Even chief McNew said it was unclear that the park management wanted Rebert to leave. So there's not a direction From them to give him that order and without that Well, yes arguable problem cause yes, sir, that's that's true but under bridge versus state you Can't have a lawful order to leave Where there's no request by management to the officers to order a person to leave and so he never had that order So it's not arguable because he'd never had the order that my client was to leave You know, the next thing is that at the point my client he walked up on my client. My client was Going back and forth was not still ongoing. So he wasn't Acting up at that point now And furthermore You know, our contention is that he shouldn't have been ordered to leave without his 12 year old child Now moving on to the issue. Well, I tell you what I've been talking and I see that I'm well into my rebuttal. So I'm gonna stop talking now Thank you, Jeff. Thank you, Mr. Gillen Miss Lefebvre Good morning, your honors and may it please the court My name is Amanda Lefebvre and I represent the Appalachians in this matter specifically, I represent officer James Gibson who was sued in both his individual and official capacity as a police officer with the city of Valonia, Arkansas Here today to respectfully request that this court affirm the district courts grant of qualified immunity to officer Gibson and summary judgment to the city of Valonia Because arguable probable cause did exist in this case as correctly determined by the district court Excuse me to arrest. Mr. Rayburn for at a minimum obstructing governmental operations I'd like to briefly address Judge Gross's question from earlier with respect to the directive to the officer from the school Yes, there was no officer from the school or agent of the school said to officer Gibson You need to remove. Mr. Rayburn right now. However, the officer was called to the ballpark because of Some the parents getting into it at this ballgame and the directive given to the officer was Mr. Rayburn is the issue and We're not only has he been an issue is an issue we are concerned he's going to continue to be an issue Please talk to him and if he can calm down he can stay Sort of the inverse of that is if he can't calm down then he has to go officer Gibson's Attempts to even have that conversation with mr. Rayburn were entirely frustrated by mr. Rayburn When officer Gibson approaches, mr. Rayburn, mr Rayburn's concern is not for his 12 year old child who is running around the ballpark Unattended his concern is to continue watching his middle child's high school baseball game With respect to I believe there was some statement made that we did not that defendant appellees did not make the argument to the district court that If arguable probable cause existed for the obstruction charge Then that is sufficient to grant the officer qualified immunity. We absolutely argue that to the district court In doing so we cited to a believe Smithson the Smithson case the district court in Coming to the conclusion that arguable probable cause existed for the obstruction charge replied on Devon Peck the Alford However, we did make the argument we decided to a different case at the summary judgment level With respect to Mr. Rayburn's intent And I think mr. Gillum was discussing the jury instruction, you know, this is a defense to the criminal charge not a manner in which to The existence of arguable probable cause for the charge with respect to what the conduct engaged in by the officer Appellees do agree with appellant that the case does rise and fall and with the existence of arguable probable cause however Given that Miss mr. Rayburn's conduct during the encounter with officer Rayburn Entirely frustrated officer Gibson's attempts to have this discussion with mr. Rayburn the district Are you familiar with the circuit's decision in stuff will be Yes, your honor doesn't that case present a problem for your theory here because There are other precedent like Nelson and Kelly there was interference with the government operations involving an investigation of others Here we have an investigation of mr. Rayburn and that would immediately bring up some constitutional problems Like the right to remain silent or the right to leave if you're not under arrest Yes, your honor respectfully, I don't think stuff will beam presents an issue My understanding of that case is that the plaintiff there was the passenger in a car that had been pulled over the officer who pulled over the Excuse me, the driver in stuff will beam was investigating the officer's conduct and I'm sorry Investigating the driver's conduct and in doing so asked the passenger of the car to identify himself and provide his ID And at that point there was no indication that that individual had engaged In any sort of criminal conduct or was suspected of having done so Here the officer was attempting to have the discussion that he was directed to have By the school with mr. Rayburn. I think the school is Excuse me well within its rights to ask a law enforcement officer to ask a disruptive parent to calm down and if he can't stop disrupting the Game, then he's got to leave Counsel, that's all true. It explained to me how mr. Rayburn impeded officer Gibson's government function So when officer Gibson approached, mr. Rayburn Mr. Rayburn was Hesitant and refusing to engage with the officer to begin with. I think the first thing out of mr. Rayburn's now Why are the answer questions? I? think at that point he is required to have a conversation with the officer and so much as the school has asked the officer to discuss with this parent to calm down and Stop disrupting the game. And if you don't stop disrupting the game, then you have to leave The Officer's ability to even give those instructions to mr. Rayburn were impeded by mr. Were obstructed by mr. Rayburn's conduct. I think the first thing out of His mouth was I'm gonna go watch this game over here, you know, but it was not under arrest or in custody Does it have the right to leave? If he's not under arrest or in custody then He would have the right to leave but he is being detained by the officer so that the officer can effectuate the Effectuate can engage in the conduct in which he's been requested to engage in which we contend is lawful if That if the school or the people who are in charge of the property say this person is causing a problem on our property We need you to go talk to him and tell him knock it off or you have to go then That is lawful conduct by the officer and he is within his rights to have that conversation with mr. Rayburn Let me I want to ask you a question. I want to go a little bit farther back. I watched the video and It's my recollection. You can correct me that the officer required Mr. Rayburn to leave his seat and to come to the front of the officers vehicle where it could where the Exchange could be recorded Is that what happened? Yes, your honor. So my question is what's what was the authority of the officer to require? Mr. Rayburn to leave his seat and Come to the front of the vehicle The authority of the eye if he was not or under arrest We honor it to me, you know, I'd argue it's almost similar to a Terry stopper reasonable suspicion issue He said the officer has been informed that this person is causing a disturbance at the baseball game to such an extent that I think the game was paused at one point in time and they need him to calm down and Cease could excuse me continuing in that behavior and be instructed that if he continued to continue in that behavior that That I'm sorry. There was a concern that he would also continue engaging in that behavior The officers You know concern not concerned, but I think the officer was appropriate in asking mr Rayburn to step in front of his car for the sole purpose so that the entirety of the interaction could be Recorded on the officers dashcam I'm not did I answer your question your honor. I'm not quite sure I did. Um, so I do think that With if officer Gibson has Undisputed information that mr Rayburn is causing a disruption and being disorderly at a public event That the officer does have the authority to Investigate that briefly in the manner of a detention or similar to a Terry stop and ask him, you know, hey, what's going on? They've identified you as an issue. We need you to stop And for that reason we We it's the a police position that officer Gibson did have the authority to detain. Mr Gibson in order to speak to him about the behavior that he had been engaging in up into that point and Then when mr. Gibbs, I'm sorry, mr. Rayburn was not cooperating with the officer ostensibly Under the appellant's argument out of concern for his 12 year old child Which I do want to briefly address that there was no There was never any danger to the 12 year old He was running around the ballpark and he had an adult sibling who was there who ultimately took custody of the child And see my time is running low Your honors. I appreciate your time and would respectfully request that this court affirm the district courts grant of qualified immunity and summary judgment to the city and Officer Gibson, thank you. Thank you. Thank you. Ms. Lafever. Mr. Gillen Yars under rule 2.2 You know Information from the individual but they can't tell them that they're obliged to To provide it And under rule 3.1 Well, there has to be some reasonable suspicion of disorderly Conduct or something in order to engage in the Terry stop and you know, quite frankly They've admitted there was no there was no probable cause for that That there was no appropriate arrest for that. You know, the next issue is that Is that my client would have had the right to remain silent? and You know in terms of You know not to tell the officer Respond to his questions things like that and then the other issue is that to the extent that Officer Gibson would have been Telling my client I need you to get up and come over to the police car and stand in front of the police car So you can be on video Which is clearly designed to to obtain admissions from somebody who has the right to exercise the fifth He can only do that if there's reasonable suspicion probable cause to A crime now if he's just wanting to deliver a message from park management What he needs to do there is Just at the guy I see tell him hey Park management says you have to calm down or you're gonna have to go He didn't have the right to make him get up and go elsewhere As you put it park management when he Asked him to to talk about the situation. No, sir. There's no evidence that that The officer ever told them that he was there on behalf of park management and and it's you know They're they're not synonymous the police department and park management And I think I'm out of time Thank You, mr. Gilman, thank you also miss Lefevre we appreciate both council's participation in argument this morning We will continue to study the briefing in the matter and render decision in due course Thank you. Counsel counsel may be excused Good day. Thank you